JAMES M. WALLACE v. ELIZA HALL AND GEORGE W. HAMILTON.

FORCIBLE DETAINER; *Stranger to Writ of Restitution*. Although a constable holding a writ of restitution in an action of forcible detainer generally has a right to remove from the premises the defendant in the writ and his property, and all persons holding under him and their property, yet such constable has no right to remove therefrom a stranger to the writ who does not hold under the defendant in the writ, but holds in good faith by some independent claim.

*Error from Johnson District Court.*

ACTION brought by *Wallace* against *Eliza Hall* and *Geo. W. Hamilton*, to recover damages for his forcible ejection from the premises occupied by him, under a written lease from one Geo. F. Johnson, and the removal of his property

therefrom by defendants and posse, under a writ of restitution issued by a justice of the peace, in an action instituted by the defendant, *Eliza Hall*, against one McGuire, and to which action *Wallace* was not a party, and in which he did not appear. *Wallace* was in possession of the premises at the time said suit was begun against McGuire, and was in possession thereof at the time notice in writing was given by *Hall* to McGuire, before suit, to vacate the premises, but there was no such notice given to *Wallace*, nor any demand whatever made of him to surrender, until after the suit was determined, when the constable (*Hamilton*) made the demand under the writ of restitution running against McGuire only, and *Wallace* refused to surrender the dwelling-house and farm land, and informed the constable that he then claimed to be in possession under a written lease from one Geo. F. Johnson, who had a warranty deed to the premises, and who claimed to be the owner of the same in fee; and *Wallace* then, also, claimed the right of possession thereof under said lease. The cause was tried at the June Term, 1878, of the district court, on an agreed statement of facts, and the court found for the defendants. *Wallace* brings the case here. The facts are fully stated in the opinion.

*A. Smith Devenney,* for plaintiff in error:

One in possession of lands and tenements, who is neither a party nor privy to the judgment for the recovery of the possession thereof, cannot be dispossessed by the officer on a writ issued on such judgment. Such person is entitled to his "day in court." Crocker on Sheriffs, ch. 32, title, *Writ of Possession;* 22 Cal. 200; 41 id. 501; 50 id. 160; 12 Rich. (S. C.) 172; Freeman on Judgments, § 169; Powell on Appellate Proceedings, p. 135, §§ 30, 33.

The judgment in favor of Elizabeth Hall in the action brought by her against her tenant, McGuire, did not determine the question either of title or right of possession as between Hall and a third person (*i. e.*, Wallace); and this is true, even if it be conceded that such third person was col-

lusively placed in possession of the premises after Hall com-
menced her action against McGuire, which we do not concede.
(45 Cal. 519; 44 Mo. 179.)

Counsel for defendants assumed, upon the trial in the court
below, that Hall's tenant, McGuire, attorned to Wallace, and
then insisted that ch. 56, Gen. Stat., §§ 11, 12 and 14, precluded
Wallace from recovering for the alleged trespasses and in-
juries.   There is nothing in the agreed statement to justify
such assumption; and as to the statute relied upon, we sub-
mit that there is nothing in it which concludes Wallace
from litigating his rights.   Under that statute, perhaps Mrs.
Hall could institute a direct action against Wallace, and
probably recover and oust him from the premises, for then
he would have had his day in court.   There is no pre-
tense that Wallace was a party to, had notice of, or knew
anything of, the action of Hall v. McGuire, tried on March
23, 1878, and as a matter of fact, there was no judgment
against him, and no writ of restitution running against him;
hence his rights were wholly ignored by Hall and Hamilton,
who became and were trespassers by their conduct, on the
26th of March, 1878, in forcibly removing him and his
property. (*Mitchell v. Woods*, 17 Kas. 26; *Winterfield v. Stauss*,
24 Wis. 244; *Rogers v. Parish,* 35 Cal. 127.)   Wallace could
not be ejected or dispossessed upon a judgment and a writ of
restitution to which he was not a party. (*Ex parte Reynolds*,
Caines's R. 500; Tyler on Ejectment, ch. 33, pp. 588, 589,
and cases cited; *Powell v. Lawson*, 49 Ga. 290; *Garrison v.
Savignac*, 25 Mo. 47.)

*Burris & Little*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: The decision and judgment in this action
were rendered in the court below solely upon an agreed state-
ment of facts, which shows in substance as follows: In 1877,
Eliza Hall owned a certain piece of land, and on March 1,
1877, leased the same to one McGuire for a period of one

18—22 KAS.

year. McGuire took immediate possession of the premises. At the same time George F. Johnson had a warranty deed for the premises from Dubois & Co., and they a warranty deed from Riley, and Riley a quitclaim deed from Ocheltree, and Ocheltree a tax deed from the county clerk, which tax deed was void upon its face. The plaintiff, James M. Wallace, afterward became the lessee of Johnson, as follows: "On the 24th of February, 1878, the plaintiff obtained a written lease of those premises, including the dwelling-house thereon, from said Johnson, and on that day demanded possession of said premises of said McGuire, who was then the tenant of Hall, in the name of Johnson and as the lessee of Johnson; and that McGuire then permitted the plaintiff to enter the premises with his household goods and stock, without the knowledge, authority or consent of Eliza Hall (or her agent), who was then and is now a resident of the state of Missouri." None of the parties claiming under said tax deed, except Wallace, ever had actual possession of said premises. When McGuire's lease expired, he refused to leave the premises, and Mrs. Hall then commenced an action of forcible detainer against him before a justice of the peace to oust him from the premises. On the day before the trial, however, McGuire left the premises, but still Mrs. Hall prosecuted the action to a final termination, recovering a judgment therein against McGuire "for the immediate possession and restitution of the premises." The justice then issued a writ of restitution against McGuire, and delivered the same to George W. Hamilton, a constable, for execution. "In pursuance of said writ, Hamilton, as such constable, went to the premises aforesaid with a posse for the enforcement of said writ and judgment, and found the said plaintiff herein (Wallace) in the house with his goods and his stock on the land; and also found some of McGuire's goods in the house—the said house being on the land and being the same house that Mrs. Hall had previously leased to McGuire, and put him in possession of under the lease. But the said McGuire was not then found therein or thereon, he having

vacated the house the day before the trial aforesaid; that said constable ordered and commanded the plaintiff to leave the house and premises forthwith with his property, which the plaintiff then and there refused to do, at the same time claiming to be the tenant of the said George F. Johnson, who claimed to be the owner of the premises; whereupon the said constable proceeded, with the aid of the husband (and son) and agent of said Eliza Hall, to forcibly eject and did so eject the person and property of the plaintiff from said premises, against the protest and remonstrance of the plaintiff; and the said constable and persons aforesaid removed the said plaintiff's goods, chattels (stock) and personalty in a wagon some nine miles distant to Shawneetown, in said county, and put the goods under shelter." The plaintiff Wallace was not a party to said action of Hall against McGuire, nor a party to the judgment, nor to the writ of restitution. The writ was against McGuire alone.

We have quoted literally everything found in the agreed statement of facts which would tend to show whether Wallace held his possession of said premises *under* Hall or McGuire, or *adverse* to them. It must be remembered that Wallace is the plaintiff in the present action, and Hall and Hamilton are the defendants, and the action is for damages suffered by being ousted from said premises. Hence it will be perceived that the question of how Wallace held the possession of said premises is an important question in the case. The parties in this case, in submitting their agreed statement of facts to the court below, agreed in writing; and also submitted this agreement to the court below, that the only question to be decided by the court below was as follows: "Did the defendants herein [Hall and Hamilton] possess the legal authority, under the said writ of restitution issued on said judgment, to dispossess and eject the plaintiff [Wallace], at the time, in the manner they did eject him and his property from said land and tenements?" And the parties further agreed in writing, that if the court should decide said question in the negative, then it should render judgment in favor

of the plaintiff and against the defendants for $25 and costs; but that if the court should decide said question in the affirmative, then that it should render judgment in favor of defendants and against plaintiff for costs. The court decided said question in the affirmative, (the case-made erroneously uses the word "negative,") and rendered judgment accordingly. And this judgment the plaintiff now seeks to have reversed by this petition in error.

We think the court below erred in its decision; for while a constable holding a writ of restitution in an action of forcible detainer generally has a right to remove from the premises the defendant in the writ and his property, and all persons holding under him and their property, yet such constable has no right to remove therefrom a stranger to the writ who does not hold under the defendant in the writ, but holds in good faith by some independent claim. See authorities cited by counsel for plaintiff in error, including *Mitchell v. Woods*, 17 Kas. 26. Of course, if such stranger should in fact hold under the defendant in the writ, he could not set up some false or sham claim for the purpose of preventing the execution of the writ against him. It does not appear in this action that Wallace held under Hall or McGuire. On the contrary, it appears that he held adversely to them. Nor does it appear that his claim was not in good faith, or that it was false or a sham.

The judgment of the court below will be reversed, and cause remanded with the order that judgment be rendered in favor of the plaintiff and against the defendants for $25 and costs.

All the Justices concurring.